IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GREGORY R. REEN,  )
                  )
     Plaintiff,   )
                  )
     vs.          )   Civil Action No. 12-1441
                  )
MICHAEL J. ASTRUE,)
COMMISSIONER OF SOCIAL SECURITY, )
                  )
     Defendant.   )

O R D E R

AND NOW, this 13th day of March, 2014, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §401, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither

1

reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] The Court finds no merit in Plaintiff's various arguments that the Administrative Law Judge ("ALJ") erred in finding him to be not disabled, and finds that substantial evidence supports the ALJ's decision.

Plaintiff's primary argument is that the ALJ gave insufficient weight to the opinion of his primary care physician, Dr. Mark Carlsson, M.D, in determining his residual functional capacity ("RFC"). The Court finds, however, that the ALJ provided an adequate basis for assigning little weight to Dr. Carlsson's opinion, despite the fact that he is one of Plaintiff's treating physicians. Plaintiff is correct, of course, that when assessing a claimant's application for benefits, the opinion of the claimant's treating physician generally is to be afforded significant weight. See Fargnoli v. Massanari, 247 F.3d 34, 43 (3d Cir. 2001); Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). In fact, the regulations provide that a treating physician's opinion is to be given "controlling weight" so long as the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with other substantial evidence in the record. 20 C.F.R. § 404.1527(d)(2); Fargnoli, 247 F.3d at 43; Plummer, 186 F.3d at 429. As a result, the ALJ may reject a treating physician's opinion outright only on the basis of contradictory medical evidence, and not on the basis of the ALJ's own judgment or speculation, although he may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided. See Plummer, 186 F.3d at 429.

However, it is also important to remember that:

> The ALJ -- not treating or examining physicians or State agency consultants -- must make the ultimate disability and RFC determinations. Although treating and examining physician opinions often deserve more weight than the opinions of doctors who review records, "[t]he law is clear . . . that the opinion of a treating physician does not bind the ALJ on the issue of functional capacity[.]" Brown v. Astrue, 649 F.3d 193, 197 n. 2 (3d Cir.2011). State agent opinions merit significant consideration as well.

Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011)(internal citations omitted in part). Here, the ALJ included in his decision a substantial discussion as to why he weighed Dr. Carlsson's opinion as he did and as to how he formulated Plaintiff's RFC. He specifically discussed diagnostic tests, treatment notes from both Dr. Carlsson and Dr. Francis Ferraro, M.D., and Plaintiff's daily activities. He also noted that the state agency physician provided an opinion more supported by the evidence as a whole setting forth far less restrictive limitations.

Although, in general, "the opinions of a doctor who has never examined a patient have less probative force as a general matter, than they would have had if the doctor

2

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 11) is DENIED and defendant's Motion for Summary Judgment (document No. 13) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf: Counsel of record

---

had treated or examined him," Morales v. Apfel, 225 F.3d 310, 320 (3d Cir. 2000)(internal quotations omitted), where "the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit." Id. at 317. See also Dula v. Barnhardt, 129 Fed. Appx. 715, 718-19 (3d Cir. 2005). The ALJ, of course, "'cannot reject evidence for no reason or for the wrong reason,'" Morales, 225 F.3d at 317 (quoting Plummer, 186 F.3d at 429), and can only give the opinion of a non-treating, non-examining physician weight insofar as it is supported by evidence in the case record, considering such factors as the supportability of the opinion in the evidence, the consistency of the opinion with the record as a whole, including other medical opinions, and any explanation provided for the opinion. See SSR 96-6p, 1996 WL 374180 (S.S.A.), at *2 (July 2, 1996). In certain cases, it would not be unwarranted to give more weight to the non-examining professional's opinion. See Salerno v. Comm'r of Soc. Sec., 152 Fed. Appx. 208 (3d Cir. 2005) (affirming an ALJ's decision to credit the opinion of the non-examining state agency reviewing psychologist because his opinion was more supported by the record than the opinions of the treating physician and the consultative examiner). As in Salerno, the record here establishes that the ALJ certainly could give more weight to the state agency physician's opinion than to Dr. Carlsson's. Regardless, as explained above, the ALJ's decision relies on far more than the non-examining reviewer's opinion, relying, instead, primarily on the objective medical evidence.

Under these circumstances, the Court finds that substantial evidence supports the ALJ's decision.